Eric Nielson #5327
Laura Nielson #15008
G. ERIC NIELSON & ASSOCIATES
4790 S. Holladay Blvd.
Holladay, Utah 84117
Phone: (801) 424-9088
Fax:    (801) 438-0199
ericnielson@ericnielson.com
lauranielson@ericnielson.com

*Attorneys for Plaintiffs*

| UNITED STATES DISTRICT COURT, DISTRICT OF UTAH, CENTRAL DIVISION ||
|---|---|
| VANESSA JENIK, and KYLE DAVIDSON<br><br>Plaintiffs,<br><br>vs.<br><br>MOTION PICTURE INDUSTRIES, and MPI HEALTH PLAN<br><br>Defendants. | **COMPLAINT**<br><br>Case No.  2:20-cv-00679-JCB<br><br>Magistrate Judge Jared C. Bennett |

**COME NOW** Vanessa Jenik and Kyle Davidson, collectively, individually and through their undersigned counsel, complain and allege against the above-captioned defendants as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Vanessa Jenik ("Vanessa") is a natural person residing in Atlanta, Georgia. She is covered by MPI Health Plan, ("the Plan") under Anthem Blue Cross/Carve-Out Optum, Plan, provided through Vanessa's employer, Motion Picture Industries.

2. Plaintiff Kyle Davidson ("Kyle") is a natural person residing in Atlanta, Georgia. As a beneficiary of his mother's health insurance plan, he received treatment at Equinox, a licensed residential treatment facility in Hendersonville, North Carolina from Feburary 11, 2019, through July 5, 2019.

1

3. Anthem Blue Cross ("Anthem") does business in the State of Utah, and the appeals were written by Denials Management, Inc. ("DMI") which is located in Salt Lake City, Utah. The Defendants will continue to be collectively referred to as "the Plan."

4. The Plan is an employee benefit plan governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et. seq.

5. This Court has jurisdiction over this matter and venue is appropriate pursuant to 29 U.S.C. §1132(e)(2) and 29 U.S.C. § 1391(c) because the Defendants do business in the State of Utah and the appeals were written by a company located in Salt Lake City, Utah.

6. Plaintiffs seek payment of Kyle's denied claims from February 11, 2019, through July 5, 2019 pursuant to 29 U.S.C. §1132(a)(1)(B) and pursuant to the Mental Health Parity and Addiction Equity Act of 2008 ("the Parity Act").

7. Plaintiffs also seek an award of prejudgment interest and attorney's fees pursuant to 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

### Pre-Litigation Appeal of the Plan's Denial of Coverage for Kyle's Care

8. Kyle struggled as a child with separation anxiety and making friends. In preschool, he would get upset when his parents would drop him off. He did not engage well with other children in his neighborhood or at school. Kyle would isolate himself inside his home instead of playing outside with other children.

9. In seventh grade, Kyle developed an eating disorder.

10. In January and February of 2018, Kyle snuck out of his house to sleep in the woods and ran away.

11. In March of 2018 Kyle began to show sign of aggression towards his parents when they wouldn't allow him to go for a run. He overdosed on Tylenol and ended up in the Emergency Room. He was running until his legs would ache and developed Akathisia due to his excessive running.

12. In May of 2018 Kyle was sent to a facility in California, however, due to his inability to control his emotions and resistance against transport services they could not admit him.

13. Kyle was transferred to ViewPoint Center in Utah. He refused to eat and was sent to the University of Utah Neuropsychiatric Institute for an evaluation.

14. In August 2018 Kyle was transferred to Elk River in Alabama. His parents relocated to Georgia from North Carolina to be closer to their son during treatment.

15. Kyle still refused to eat at Elk River and was tube fed his 12th day he was at the facility.

16. In December 2018 his parents brought him home.

17. February 2019 Kyle was sent to Equinox in North Carolina. While he was in treatment his mother found he was researching how to hang yourself and things around your house that can kill you on his iPhone.

18. Due to Kyle's eating disorder, treatment refusal and medication refusal along with going AWOL for 48 hours on July 2, 2019, he was discharged July 5, 2019.

19. On July 30, 2019, a Level One appeal was sent to Vanessa Jenik and Rick Davidson.

20. An NQTL can be imposed by the MHPAEA for a violation.

21. ICD-10 codes indicate Kyle had anxiety, depression and a parent biological child conflict.

22. On February 6, 2020, a Level Two Appeal was sent to Vanessa Jenik and Rick Davidson.

23. According to the appeal, on July 18, 2019, Kyle was in Juvenile Detention after being caught running away from treatment.

24. United Healthcare paid for every single one of Kyle's Emergency Room visits.

25. Kyle's family has exhausted their financial resources for treatment.

## CAUSE OF ACTION

(Claim for Benefits Under 29 U.S.C. §1132(a)(1)(B))

1. ERISA imposes higher-than-marketplace standards on the Plan and other ERISA fiduciaries. It sets forth a special standard of care upon a plan fiduciary, namely that the administrator discharges all plan duties solely in the interest of the participants and beneficiaries of the plan and for the exclusive purpose of providing them benefits. 29 U.S.C. §1104(a)(1).

2. ERISA also underscores the particular importance of accurate claims processing and evaluation by requiring that plan administrators provide a "full and fair review" of claim denials. 29 U.S.C. §1104(a)(1)(D) and §1133(2).

3. In addition, ERISA's underlying claims procedures provide clear guidelines for appropriate review of a denied claim including, but not limited to the requirement that individuals who provide reviews based on medical opinions have credentials and expertise equivalent to the claimant's treating physician(s) )C.F.R. §2560.503-1(h)(3)(iii).

4. The Plan's actions or failures to act constitute a breach of its fiduciary duties to the family under 29 U.S.C. §1104 and §1133 in the following ways: 1) by failing to set forth the specific reasons for Kyle's claim denial, written in a manner calculated to be understood by the family; 2) by failing see that Kyle was a threat to himself and others 3) by failing to provide a

4

"full and fair review," as anticipated in ERISA's claims processing regulations, of the denial of the Kyle's claim.

5. Congress enacted the Parity Act as an amendment to ERISA, making it enforceable through a cause of action under 29 U.S.C. § 1132(a)(3) as a violation of a "provision of this subchapter." *A.F. ex rel. Legaard v. Providence Health Plan,* 35 F.Supp.3d 1298, 1304 (D.Or.2014); *see also* 29 U.S.C. § 1132(a)(3)(A)-(B).

6. The Parity Act requires that if a group health plan provides both medical and surgical benefits as well as mental health or substance use disorder benefits, then it may not apply any "treatment limitation to mental health or substance use disorder benefits in any classification that is more restrictive than the predominant ... treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification." 29 C.F.R. § 2590.712(c)(2)(i) (amended Jan. 13, 2014); *see also* IFRs Under the Parity Act, 75 Fed. Reg. at 5413.

7. The Parity Act also requires that if a plan "provides mental health or substance use disorder benefits in any classification of benefits..., mental health or substance use disorder benefits must be provided in every classification in which medical/surgical benefits are provided." 29 C.F.R. § 2590.712(c)(2)(ii).

8. The Plan violated the Parity Act by denying provides services that are less intensive than acute hospitalization and more intensive than outpatient therapy.

9. The actions of the Plan in failing to provide coverage for Kyle's treatment violate the terms of the Plan, ERISA and its underlying regulations, and the Parity Act.

10. The actions of the Plan has caused damage to the family in the form of denial of payment of Kyle's treatment.

11. The Plan is responsible to pay for Kyle's treatment claim along with pre-judgment interest and attorney's fees and costs pursuant to 29 U.S.C. §1132 (g).

## **RELIEF**

WHEREFORE, Plaintiffs seeks relief as follows:

12. Judgment in the amount of Kyle's past due treatment claims from February 11, 2019, through July 5, 2019.

13. Pre-and post-judgment interest on the past due benefits pursuant to U.C.A. §15-1-1;

14. An award of attorney fees pursuant to 29 U.S.C. §1132(g); and

15. For such further relief as the Court deems equitable.

RESPECTFULLY SUBMITTED this 25th day of September, 2020.

                            G. ERIC NIELSON & ASSOCIATES

                            */s/ Laura Nielson*
                            Laura Nielson

                            *Attorney for Plaintiffs*